UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.N.D. BY AND THROUGH HER GUARDIAN AD LITEM, FELICIA LECH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 12-224 JC<br><br>MEMORANDUM OPINION |

## I.　SUMMARY

On February 17, 2012, Felicia Lech ("plaintiff's mother"), as the guardian ad litem for minor child H.N.D. ("plaintiff"), filed a Complaint on behalf of plaintiff, seeking review of the Commissioner of Social Security's denial of an application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 23, 2012 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 15, 2009, plaintiff's mother, on behalf of plaintiff, filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 20, 159-65). Plaintiff's mother asserted that plaintiff became disabled on September 29, 2004, and that plaintiff suffers from speech and other developmental problems. (AR 198). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and plaintiff's mother on August 16, 2010. (AR 114-36).

On October 4, 2010 the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 20-32). Specifically, the ALJ found: (1) plaintiff has not engaged in substantial gainful activity since May 15, 2009, the application date (AR 23); (2) plaintiff suffers from the following severe impairments: anxiety disorder with some psychotic symptoms, phonological (speech delay) disorder, and asthma (AR 23); (3) plaintiff does not suffer from an impairment or combination of impairments that meets, medically equals, or functionally equals one of the listed impairments[2] (AR 23-24); and (4) plaintiff has not been disabled since the application was filed (AR 26).

The Appeals Council denied plaintiff's application for review. (AR 3).

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] As to the six "domains," the ALJ determined that plaintiff had (1) no limitations in attending and completing tasks, moving about and manipulating objects, and caring for herself; and (2) less than marked limitations in acquiring and using information, interacting and relating with others, and health and physical well being. (AR 24-32).

### III. APPLICABLE LEGAL STANDARDS

#### A. Childhood Disability Claims – Sequential Evaluation Process

"An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1013 (9th Cir. 2003) (citation omitted). In assessing whether a child is disabled, the Commissioner conducts a three-step sequential evaluation process:

(1) Is the child engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the child's impairment or combination of impairments severe? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the child's impairment or combination of impairments meet, medically equal, or functionally equal an impairment in the Listing of Impairments ("Listing") in 20 C.F.R.Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, the claimant is not disabled.

20 C.F.R. § 416.924(a).

A claimant "meets" a listed impairment if his impairment matches the criteria described in a Listing and meets the duration requirement. 20 C.F.R. § 416.925(c)(3). A claimant "medically equals" a listed impairment if he demonstrates medical findings related to his own impairments that are of "equal medical significance" to the listed one. 20 C.F.R. § 416.926(b).

To determine whether a child's impairments functionally equal a Listing, the ALJ must evaluate how the child's limitations affect six broad areas of

functioning called "domains." See 20 C.F.R. § 416.926a. The domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A claimant "functionally equals" a Listing where "marked" limitations exist in two domains of functioning, or an "extreme" limitation exists in one domain. 20 C.F.R. § 416.926a(a).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///
///

## IV. DISCUSSION

Plaintiff essentially contends that a reversal or remand is appropriate because the ALJ failed properly to consider the testimony provided at the administrative hearing by plaintiff and plaintiff's mother. (Plaintiff's Motion at 8). The Court disagrees.

### A. Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).

If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such

testimony and gives reasons germane to each witness for doing so. Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1056 (9th Cir. 2006) (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments).

### B.  Analysis

Here, plaintiff's only argument in support of reversal or remand is that "[t]he ALJ's decisional analysis demonstrates a complete failure to consider the testimony of [plaintiff] and her mother." (Plaintiff's Motion at 8). Any claim of error based on such conclusory pleading, however, does not merit relief. Cf. Carmickle, 533 F.3d at 1161 n.2 (courts "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief") (citation and internal quotation marks omitted).

Even so, the record does not reflect that the ALJ materially erred in considering the testimony of either plaintiff or her mother. The record belies plaintiff's assertion that the ALJ essentially ignored the lay testimony plaintiff's mother provided about plaintiff's impairments and functional limitations. For example, the ALJ indicated that she considered "all of the relevant evidence" including evidence from plaintiff's "parent[]." (AR 24). More significantly, the ALJ referenced and evaluated plaintiff's mother's testimony multiple times throughout the decision. (AR 25-30). Plaintiff fails to identify any specific lay testimony that is not accounted for in the ALJ's Decision.

Plaintiff also fails to identify any specific testimony provided by plaintiff that was not accounted for in the ALJ's decision. The gravamen of plaintiff's minimal hearing testimony was that plaintiff sometimes feels like bugs are

crawling on her and that the treatment she receives from a doctor "[is] working." (AR 134-35). The ALJ appears to have accounted for such testimony by noting in the decision that plaintiff had "experienced anxiety and trouble sleeping because of her mental condition" and that medical records reflect – consistent with plaintiff's testimony – that plaintiff's condition had improved. (AR 31). Moreover, the ALJ also discussed in some detail plaintiff's mother's report to healthcare providers that plaintiff was "doing well . . . with regard to [plaintiff's] visual hallucinations of bugs." (AR 26) (citing Exhibit 13F at 15 [AR 404]). Therefore, to the extent the ALJ arguably erred by not expressly mentioning plaintiff's cumulative testimony regarding essentially the same subjective symptoms, any such error was harmless. See Stout, 454 F.3d at 1054-55 (ALJ's error in evaluating claimant's credibility was harmless since it "did not materially impact [the ALJ's] decision").

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

**VI. CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 27, 2012

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE